UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMED FATHY SAID,

    Plaintiff,

v.                                                 CASE NO. 8:21-mc-84-WFJ-SPF

AISHA AHMED H O AL-ADHAB,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter comes before the Court consideration *sua sponte*. A review of the record reveals that Plaintiff, proceeding *pro se*, has filed a form Criminal Complaint (AO 91) in this action he has styled as "United States of America v. Aisha Ahmed H O Al-Adhab" (Doc. 1). Although *pro se* litigants' pleadings are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Even construing the pleading in the light most favorable to Plaintiff, Plaintiff lacks standing to prosecute a criminal charge against the Defendant. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). "Under the authority of Art. II, § 2, Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government." *United States v. Nixon*, 418 U.S. 683, 694 (1974). Thus, federal courts do not possess the authority to initiate prosecutions or to order the Justice Department to prosecute someone. Rather, it is the Executive Branch of the government, not the Judicial Branch, that decides whether to commence a prosecution. *See generally United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what

charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive [officers] charged with seeing that laws are enforced.").

Because this deficiency cannot be cured by amendment, Plaintiff need not be afforded with the opportunity to amend his complaint. *See Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) ("[a] district court need not … allow an amendment … where amendment would be futile."). Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.[1]

For these reasons, it is hereby

**RECOMMENDED**:

1. Plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE.**

2. Plaintiff's pending motions be **DENIED** and the Clerk of Court be directed to close this case.

**IT IS SO REPORTED** in Tampa, Florida, on December 3, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

---

[1] It is unnecessary to allow Plaintiff the option to re-plead his allegations in a civil complaint. Plaintiff has already filed seven similar complaints in this district that are now consolidated into the lead case, *Mohamed Fathy Said v. Ministry of Interior, et al.*. case no. 8:21-cv-1073-WFJ-CPT.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.